# Griesemer v. Suburban Electric Company, Appellant.

*Negligence—Electric light company—Contributory negligence.*

1. Where the defendant in an accident case presents in the same point for charge the question of the defendant's negligence as the proximate cause of the injury, and also the question of plaintiff's contributory negligence, and the proofs are such that the latter question must be submitted to the jury, there is no error in the trial judge in refusing the point.

2. Where a man employed by a street railway company to erect trolley poles works on a public highway thirty feet under an electric light company's wires whose insulation had worn off according to the plaintiff's proofs, and one of the trolley poles is accidentally brought in contact with the wire, and the workman is called upon to act in an emergency suddenly arising, and without time for reflection, and receives an electric shock, he cannot be charged as a matter of law

with contributory negligence in not protecting himself by the use of
rubber gloves with which he had been provided by his employer.

Argued Jan. 20, 1909. Appeal, No. 198, Jan. T., 1908, by
defendant, from judgment of C. P. No. 2, Phila. Co., Jan. T.,
1908, No. 198, on verdict for plaintiff in case of Sophia Griese-
mer v. Suburban Electric Company. Before MITCHELL, C. J.,
FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ
Affirmed.

Trespass to recover damages for death of plaintiff's hus-
band. Before WILTBANK, J.

The facts are stated in the opinion of the Supreme Court.

Defendant presented these points:

2. The uncontradicted evidence is that the plaintiff's hus-
band had been provided with rubber gloves for the purpose of
protecting himself against injury from an electric shock, and
that he failed to protect himself at the time of the accident by
the use of these rubber gloves; his own negligence, therefore,
contributed to the accident, and your verdict must be for the
defendant. *Answer:* To which I answer that if you find that
the use of these rubber gloves would have been protective un-
der the circumstances, the point should be affirmed. [2]

3. The proximate cause of the death of the plaintiff's hus-
band was his use of an unusual and unsafe method of erecting
the trolley pole, and his failure to observe precautions that
would have protected him from injury. The defendant was
not bound to anticipate that its wires might be disturbed in
this manner, and your verdict must be for the defendant.
*Answer:* In answer to points I am under the law obliged
merely to affirm or deny them without more, and as I cannot
affirm this, I decline to charge it. [3]

Verdict and judgment for plaintiff for $5,000. Defendant
appealed.

*Errors assigned* were (1) in refusing defendant's motion for
judgment non obstante veredicto; (2, 3) above instructions,
quoting them.

*R. Stuart Smith*, with him *Charles E. Morgan*, for appellant.—The burden is on the plaintiff to prove some negligent act which was the proximate cause of the injury. The proximate cause of the death of the plaintiff's husband was a combination of circumstances so unusual as to be beyond the contemplation of the defendant, irrespective of the condition of its wires; the use of the sidewalk for a purpose not to be anticipated, the erection of the pole in an improper and unusual manner, and the failure of the plaintiff's husband to use ordinary and available means to protect himself from injury: Douglass v. Mitchell's Executor, 35 Pa. 440; Railway Co. v. Henrice, 92 Pa. 431; Ford v. Anderson, 139 Pa. 261; Mensch v. Penna. R. R. Co., 150 Pa. 598; Brunner v. Blaisdell, 170 Pa. 25; Wood v. Diamond Electric Co., 185 Pa. 529; Elliott v. Allegheny County Light Co., 204 Pa. 568.

The negligence of the plaintiff's husband in failing to protect himself by the use of rubber gloves provided for that purpose contributed to his death, and for that reason the plaintiff cannot recover: Hart v. Allegheny County Light Co., 201 Pa. 234; Moyer v. Metropolitan Electric Co., 14 Pa. Dist. Rep. 798; Haertel v. Penna. Light & Power Co., 219 Pa. 640; Lonzer v. Lehigh Valley Railroad Co., 196 Pa. 610; Dinan v. Supreme Council, 210 Pa. 456; Keiser v. Lehigh Valley Railroad Co., 212 Pa. 409.

*J. Edgar Butler*, with him *Charles F. Warwick*, for appellee.—A duty arose from the circumstance of defendant maintaining on a public street, a trap, consisting of a wire covered with rotten insulation, apparently safe, but in fact deadly, without taking the reasonable precaution of keeping the insulation in good repair, particularly as deceased had no reason to anticipate either that he would be in contact with said wires or that such contact would be harmful: Varnau v. Tel. Co., 5 Lanc. Law Rev. 97; Dillon v. Light Co., 179 Pa. 482; Devlin v. Light Co., 192 Pa. 188; Morgan v. Electric Co., 213 Pa. 151; Electric Light & Power Co. v. Lefevre, 55 S. W. Repr. 396; Fitzgerald v. Edison Electric Illuminating Co., 200 Pa. 540.

The second assignment of error required the court to assume as true testimony which was contradicted. Gloves would not have protected deceased because he embraced the pole and rode on it: Reel v. Elder, 62 Pa. 308; Illingsworth v. Light Co., 161 Mass. 583 (37 N. E. Repr. 778); Thomas v. Wheeling Electrical Co. (W. Va.), 8 Am. Elect. Cases, 528.

The question of notice to defendant of the defective insulation is not before this court. No point requesting the trial judge to charge on said question was presented to the trial judge unless it was the fourth point, the answer to which is not excepted to nor assigned for error. Defendant was bound to keep its insulation perfect, which includes a reasonable inspection. No reasonable inspection would permit an insulation to rot off the wire. Rags hanging from a heavily sagging wire were sufficient notice to one knowing the deadly nature of the wire: Baker v. R. R. Co., 95 Pa. 211; Stoltenberg v. R. R. Co., 165 Pa. 377.

OPINION BY MR. JUSTICE FELL, April 12, 1909:

The plaintiff's husband was the foreman of a gang of men employed by a street railway company to erect iron poles to support trolley wires. At the time of the accident that caused his death he was superintending the erection of poles at the side of a street directly under the electric light wires of the defendant, The Suburban Electric Company, which were thirty feet above the sidewalk. In erecting a pole a rope sling was placed near its middle and it was raised by means of a block and tackle attached to a tower wagon, and the lower end, which was kept near the ground, was guided to the hole in which it was to be placed. The sling had been put too near the bottom of a pole and, when the pole was raised, it did not have the right inclination, the lower end being too high. The deceased and one of his assistants put their arms around this end to lower it by their own weight. This brought the top of the pole in contact with the defendant's wires and it became charged with the electric current. There was testimony on behalf of the plaintiff that tended to show that the insulation of

the wire had become defective by long continued exposure and use, and that the defects were so apparent as to charge the defendant with constructive notice of them. And there was testimony from which the jury might have found that the death of the plaintiff's husband was caused by his negligence in not insulating the top of the pole by fastening around it a nonconducting material and in not protecting himself by the use of rubber gloves, with which he was provided by his employer and which he had taken off a few minutes before the accident.

Whether the defendant was entitled to binding instructions in its favor because of the failure of proof of any negligence on its part that was the proximate cause of the accident, is a question not raised by the record of the trial. The only instruction asked for on this subject was by a point for charge, which involved also the question of contributory negligence. It could not have been affirmed, nor could judgment have been entered non obstante veredicto without passing on the latter question. This could not have been done in the absence of proofs so certain and direct that the court could have said that the facts alleged were established beyond doubt. The plaintiff's case as made out did not show contributory negligence. The defendant's proofs as to it depended on the credibility of its witnesses and the conclusions to be drawn from their testimony. If the deceased had been working with or among highly charged electric wires without the use of gloves, negligence could have been imputed to him. But he was working on a public highway thirty feet under the wires with which the pole was accidently brought in contact, and he was called upon to act in an emergency suddenly arising, without time for reflection.

The judgment is affirmed.